GARTH, Circuit Judge,
Concurring in Part and Dissenting in Part:
I concur in all but one of the conclusions reached by the majority. And while I share Judge Hutchinson’s concerns regarding the Echeverri doctrine, and believe that the conceptual tension between Echeverri and Jackson calls for further resolution, I agree that Echeverri and our Internal Operating Procedure 9.1, which precludes us from overturning an earlier panel’s position, constrain our disposition of the present matter. I therefore agree that Edmonds’ conviction must be reversed.
*1250 The only aspect of the majority opinion with which I differ concerns the decision to vacate Cora Love’s sentence and remand her case for resentencing by the district court. I agree that arbitrariness in drug-quantity attributions cannot be tolerated. I am also in full accord with the guidelines and principles ably set forth by the majority to achieve the objective of determining a rational basis on which to predicate a defendant’s sentence. See Opinion of the Court, Part III.B.
However, as I read the record, any appropriate calculation of the amount of cocaine attributable to Cora Love must exceed the threshold of 150 kgs specified in U.S.S.G. § 2D1.1(c)(3).[1] I believe that the record provides ample support for the very “rational basis” which the majority requires in order to uphold Cora Love’s sentence. Indeed, I find that it cannot otherwise be read. I thus believe it unnecessary to remand and require the district court to reconsider Cora Love’s sentence. For this reason, I respectfully dissent.
As is detailed by the majority, the record reflects four shipments- attributable to Cora Love as follows:
Shipment Number
Supporting Testimony (kgs per shipment)
Quantity — giving the benefit of the record to Cora Love
One Freeman, Jr.: 35-50. Ekwensi: 25.
25 kgs
Two Freeman, Jr.: 35-50.
42.5 kgs
Three Freeman, Jr.: 35-50. Ekwensi: “40 to 50, leaning towards 50.”
45 kgs
Four Freeman, Jr.: 35-50. Ekwensi: 50 — but each kg was also “short” four ounces, for a total of 44.5 kgs.
44.5 kgs
Total: 157 kgs
On my reading of the record, based on Ekwensi’s testimony, which in this instance is not contested by Cora Love, I would attribute no more than 25 kgs for the first shipment.
As to the second shipment, I read Freeman, Jr.’s testimony that “[e]ach trip my father took it was somewhere between 35 and 50 kilos of cocaine” (Supp.App. Ill p. 75a) to yield the rational inference, not that there were four deliveries ranging in size from 35 to 50 kgs as the majority suggests, see Maj. Op. at 1246^18, but that each of the four shipments weighed between 35 and 50 kgs, a fact which, on the majority’s own analysis, would result in an average of 42.5 kgs for each shipment.
Courts have sanctioned the use of averages to compute drug weights in other cases. See, e.g. United States v. McMillen, 8 F.3d 1246, 1250-51 (7th Cir.1993); see generally Federal Judicial Center, Guideline Sentencing: An Outline of Appellate Case Law on Selected Issues 21-32 (1994). And the majority here so acknowledges. Maj. Op. at 1247. In this *1251 ease, Freeman, Jr. has testified that each shipment weighed between 35 and 50 kgs, thereby establishing an average of 42.5 kgs for the second shipment, as to which no other testimony was given.
Freeman, Sr. delivered the third shipment sometime in January of 1992. Ekwensi estimated that the shipment weighed “[anywhere from 40 to 50 keys, leaning more toward 50 keys.” Under the majority’s own analysis, every reason exists to attribute to Cora Love at the least, 45 kgs.
As to the fourth shipment, I am in accord with the majority’s reasoning and the majority’s attribution of 44.5 kgs to Cora Love. Maj. Op. at 1245^16.
The four shipments, therefore, total 157 kgs, and this total is reached without taking into account an additional 28 kgs referred to in Count V of the Indictment. Cora Love was convicted on this Count, and the government points out that this amount should have been included in Cora Love’s attributed total, but for some reason was not. See Government’s Letter Memorandum dated October 25, 1994, p. 3. If one adds this 28 kgs to the 157 kgs noted above, a total of 185 kgs results. But even if the 28 kgs are not added to the weight of the first four shipments, the total still exceeds the 150 kg threshold of § 2D1.1(c)(3).
The above calculations, which comport with each and every principle and guideline laid down by the majority, can only lead to one conclusion — that the record, as it presently exists, yields a rational basis for attributing over 150 kgs of cocaine to Cora Love. The drug weights attributed to Cora Love, giving her every benefit of the record, necessarily exceed 150 kgs. This being so, I cannot bring myself to vote for a remand to an overworked and overburdened district court so that the court may engage in the meaningless task of resentencing Cora Love. This procedure might well entail the taking of additional evidence and would, at the very least, require additional findings drawn from a record which, I believe, just cannot be read to reveal less than 150 kgs.
I therefore dissent from so much of the majority’s judgment as would vacate Cora Love’s sentence and remand her case to the district court for what I regard as a needless exercise in sentencing endeavors.
Before: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE, SAROKIN, and GARTH, Circuit Judges.
SUR PETITION FOR REHEARING
Nos. 93-1914, 93-1920 and 93-1947.
June 28, 1995
The petition for rehearing filed by appellants Carlton Love and Cora Love, and joined in by appellant Duncan in the above-entitled cases having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.
Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE, SAROKIN, and GARTH*, Circuit Judges.
ORDER
No. 93-1890.
June 29, 1995
SLOVITER, Chief Judge.
A majority of the active judges having voted for rehearing in banc in the above appeal, it is
ORDERED that the Clerk of this Court vacate the panel’s opinion and judgment entered April 18, 1995 insofar as it relates to No. 93-1890 and list the above case for rehearing in banc at the convenience of the court.

. Section 2D1.1(c)(3) of the 1992 United States Sentencing Guidelines provides for a base offense level of 38 for “[a]t least 150 KG but less than 500 KG of Cocaine....” With a Criminal History Category of 0 and a two-level reduction for minor participation, Cora Love was subject to a sentence of 188-235 months. The district court sentenced Cora Love to 188 months.

 As to panel rehearing only.